**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| OPHELIA EDUARDOVNA ABRAMIAN, | No. 11-70628 |
| Petitioner, | Agency No. A075-620-422 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 29, 2013**

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Ophelia Eduardovna Abramian, a native and citizen of Georgia, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying her motion to

reopen proceedings.  We review for an abuse of discretion the BIA's denial of the

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reopen, *see Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petition for review.

Abramian has waived any issues relating to asylum, the Convention Against Torture, and due process. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

We have jurisdiction to review Abramian's contention that the BIA abused its discretion by denying her motion to reopen proceedings because of changed country circumstances. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1075-76 (9th Cir. 2008).

We hold that the BIA did not abuse its discretion in denying Abramian's motion to reopen as untimely because Abramian filed the motion more than 90 days after the BIA issued its final order, *see* 8 C.F.R. § 1003.2(c)(2), and she failed to present the material evidence of changed circumstances in Georgia that was required to qualify for the regulatory exception to the time limit for filing motions to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (holding that petitioner did not qualify for exception to time limit because she failed to submit new evidence that was qualitatively different from evidence presented at original hearing and that had individualized relevancy). Abramian provided no evidence of an individualized

risk of persecution, and the evidence she submitted therefore is not material to a claim that she is entitled to withholding of removal under a disfavored group theory. *See Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009). She also did not provide evidence of a pattern and practice of persecution. *See id.* at 1060-62 (holding that widespread discrimination was insufficient to show pattern and practice of persecution even where there were some incidents of persecution).

**PETITION FOR REVIEW DENIED**.